504 P.2d 1003

**Frank C. WATSON and Geniel Watson, Plaintiffs and Respondents,**

**v.**

**G. Stanley ANDERSON and Owen B. Anderson, Defendants and Appellants.**

**No. 12763.**

Supreme Court of Utah.

Jan. 3, 1973.

Glen J. Ellis, Provo, for appellants.
Tex Olsen, Richfield, for respondents.

ELLETT, Justice.

The defendants attempt to appeal from a ruling of the trial court enjoining them from entering upon the land of plaintiffs.

1. Rule 73(a), U.R.C.P.

2. Which we do not do, inasmuch as the argument to the court was not for a new

Judgment was signed July 8, 1971, and entered in the office of the clerk of the district court on July 9, 1971. The notice of appeal was filed in the office of the clerk on December 27, 1971, although the certificate of counsel attached thereto states that a copy was mailed to the attorney for plaintiffs on December 23, 1971.

Our rules of Civil Procedure require an appeal to be taken withon one month from the entry of judgment[1] with a provision that the time is to be computed from the denial of a motion for a new trial.

The defendants did not move for a new trial but instead made a motion which was filed with the clerk on August 2, 1971, and which insofar as material read:

> To grant a rehearing on the Court's next law and motion calendar and to suspend operation of the judgment heretofore entered until such a rehearing may be heard.

Rule 59(b) U.R.C.P. provides that a motion for a new trial must be served not later than ten days after the entry of judgment.

Since the record shows that the judgment was entered on July 9, 1971, the motion for a new trial had to be made on or before July 19, 1971, in order to be of any force or effect.

▮ If we assume the motion as made was one for a new trial,[2] still it is of no ef-

trial but was an attempt to get him to change his ruling on the matter.

fect because it was not timely made. Inasmuch as there was no motion for a new trial timely filed, the time of appeal expired one month from July 9, 1971, and the attempted appeal filed December 27, 1971, is not timely, and this court, therefore, did not acquire jurisdiction to consider the matter.[3]

The appeal is dismissed. No costs are awarded.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.

3. Anderson v. Anderson, 3 Utah 2d 277, 282 P.2d 845 (1955).