Sally ALBRETSON, Plaintiff
and Appellant,

v.

C. DeMont JUDD, Jr., Defendant
and Respondent.

No. 19996.

Supreme Court of Utah.

Oct. 28, 1985.

Frank Wells, Ogden, for plaintiff and appellant.

C. DeMont Judd, Jr., Ogden, pro se.

PER CURIAM:

This is an action alleging legal malpractice by the defendant in connection with his representation of the plaintiff in her claim for personal injuries suffered in a 1975 automobile accident. Because of the plaintiff's failure to timely appeal, we dismiss the appeal for lack of jurisdiction.

The defendant Judd was retained by the plaintiff to represent her in her negligence claim against a Michael Thornton. Judd allegedly permitted the limitations period to expire before filing a complaint against Thornton. See U.C.A., 1953, § 78–12–25(2), as amended. However, Judd did file a complaint against Thornton in 1980, and that action is still pending. It has never been dismissed, and the statute of limitations has not been asserted as a defense.[1]

After a trial in the present action, the trial court ruled that the plaintiff's damages, if any, cannot yet be fixed and that "no relief will be granted at this time."[2] The plaintiff appeals from this judgment in the defendant's favor.

In order to timely appeal, the plaintiff was required to file her notice within one month of the entry of the judgment.[3] The running of the time for appeal is only terminated by a timely filed motion to alter or amend the judgment or for a new trial under Rules 50(b), 52(b), or 59, Utah R.Civ.P. See Rule 73(b), Utah R.Civ.P. The judgment from which the plaintiff appeals was entered November 7, 1983. The plaintiff's appeal was not filed until June 4, 1984. No motion to alter or amend the judgment or findings, or for a new trial, was filed or served within the requisite ten days which would extend the time for appeal.

1. Defendant Judd claims the limitations period has been tolled by Thornton's absence from the state.

2. Although we do not decide the issue, it appears that because the plaintiff's personal injury claim is still pending, she has not yet been damaged as a result of Judd's neglect to timely file an action. Therefore, her claim has not yet ripened. *Bowman v. Abramson*, 545 F.Supp.

227 (E.D.Pa.1982); *AMFAC Distribution Corp. v. Miller*, 138 Ariz. 155, 673 P.2d 795, 796–97 (Ariz. Ct.App.1983), *aff'd*, 138 Ariz. 152, 673 P.2d 793 (1983); *cf. Staker v. Huntington-Cleveland Irrigation Co.*, Utah, 664 P.2d 1188 (1983).

3. This appeal was filed before the adoption of the Utah Rules of Appellate Procedure on January 1, 1985.

Even if the plaintiff's later motion "for clarification" is construed as a proper post-judgment motion under Rule 73(b), it was not filed until December 1, 1983, twenty-three days after the judgment. The running of the time to appeal from the November 7th judgment was not terminated thereby and expired one month from entry of the judgment. This Court lacks the necessary jurisdiction to hear the plaintiff's appeal.[4] *Armstrong Rubber Co. v. Bastian,* Utah, 657 P.2d 1346 (1983); *Burgers v. Maiben,* Utah, 652 P.2d 1320 (1982); *Watson v. Anderson,* 29 Utah 2d 36, 504 P.2d 1003 (1973).

Although timeliness of the appeal has not been raised by the parties, the matter is jurisdictional and will be raised *sua sponte* when appearing on the face of the record. *Neider v. State,* Utah, 665 P.2d 1306 (1983). The plaintiff's appeal is therefore dismissed. No costs are awarded.

---

**4.** Nor does any appeal lie from the denial of the plaintiff's motion for clarification or reconsideration of the judgment. *Habbeshaw v. Habbeshaw,* 17 Utah 2d 295, 409 P.2d 972 (1966); *cf.*

*Pearson v. Pearson,* Utah, 641 P.2d 103 (1982); *Peay v. Peay,* Utah, 607 P.2d 841 (1980); and *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662 (1962).