2002 UT App 131

SECURITY INVESTMENT LTD., a Utah limited partnership; William K. Olson, individually; and Bill Olson Investment Ltd., a Utah limited partnership by William K. Olson, general partner, Plaintiffs and Appellants,

v.

Allyson BROWN, Clerk of the Second Judicial District Court, Farmington, Utah; State of Utah, by and through its Treasurer, William T. Alter; Administrative Office of the Courts, by and through its Administrator, Dan Becker; and State of Utah, by and through any officer or agency receiving interest on funds deposited in courts, Defendants and Appellees.

No. 20010679–CA.

Court of Appeals of Utah.

April 25, 2002.

George K. Fadel, Bountiful, for Appellants.

Mark L. Shurtleff, Attorney General, Nancy L. Kemp, Assistant Attorney General, and Brent M. Johnson, Administrative Office of the Courts, Salt Lake City, for Appellees.

Before JACKSON, P.J., and ORME, and THORNE, JJ.

## OPINION

JACKSON, Presiding Judge:

¶1 William K. Olson, Bill Olson Investment Ltd. (collectively, Olson), and Security Investment Ltd. (Security), filed suit against three state employees (State Employees) because Security and Olsen (collectively, Landowners) were not paid interest on funds deposited into trust accounts prior to occupancy in eminent domain proceedings against two parcels of land. The district court dismissed Landowners' complaint on State Employees' Motion to Dismiss under Rule 12(b)(6) of the Utah Rules of Civil Procedure. Landowners appeal the district court's dismissal of their complaint. We affirm.

---

1. We note that although this award to Security was higher than the amount deposited by UDOT for the corresponding property, this result is not outside of what is contemplated by statute. Prior to the 1998 amendments, the plaintiff in a condemnation action had to deposit an amount equal to at least seventy-five percent of its initial appraisal of the value of the property. *See* Utah

## BACKGROUND

¶2 When reviewing a dismissal under Rule 12(b)(6) of the Utah Rules of Civil Procedure, we recite the facts as set forth by the plaintiff, and draw all reasonable inferences "from those facts in the light most favorable to the plaintiff." *Hall v. Department of Corr.*, 2001 UT 34, ¶2, 24 P.3d 958.

¶3 The Utah Department of Transportation (UDOT) named Landowners and several other entities as defendants in eminent domain actions against two properties in Woods Cross, Utah. UDOT filed a motion for occupancy, and, pursuant to Utah Code Ann. § 78-34-9 (Supp.1999), deposited funds (the Deposited Funds) with the Clerk of the Court (the Clerk). They deposited amounts of $139,300 and $290,600 in May and August 1997, respectively, as security to compensate those with property interests in the land. The Deposited Funds were held in a trust account by the State, and neither UDOT nor any of the named defendants requested the Deposited Funds be placed in an unrestricted, interest-bearing account. The last of the named defendants, other than Landowners, disclaimed interest in the land in April 1999, thus permitting Landowners to collect their just compensation. Court orders in April and July 1999, instructed the Administrative Office of the Courts (the AOC) to pay $292,-350 [1] to Security "as just compensation herein," and $139,300 to Olson "for the interests in real property." The orders specifically stated that acceptance of the awards did not prejudice "any action which [Landowners] may take with respect to the determination of [their] entitlement to any interest on money deposited with the Clerk."

¶4 The Clerk paid the court-ordered awards to Landowners, but not amounts accrued as interest on the Deposited Funds. The Clerk acted under the direction of the AOC and stated that the Deposited Funds were held in a restricted account pursuant to

---

Code Ann. § 78-34-9 (1996); *cf.* Utah Code Ann. § 78-34-9(3)(a) (2001) (requiring plaintiff in condemnation action to deposit sum equal to appraised value of property). The final award includes the adjudged value of the property plus damages and eight per cent interest per annum from the time of occupancy. *Id.*

Rule 3–407(3)(F) of the Utah Code of Judicial Administration. Further, the AOC told Landowners that it would not pay out any interest on the Deposited Funds without a court order. Landowners filed a motion in the condemnation action to compel payment of interest on the Deposited Funds, but the court denied Landowners' claim against UDOT. Landowners appealed the district court's denial to the Utah Supreme Court, which affirmed the district court's decision "since UDOT was no longer a part of the action once it deposited the money with the court." *Utah Dep't of Transp. v. Security Invest. Ltd.*, 2000 UT 97,¶ 1, 17 P.3d 587. However, the supreme court also stated, "we decline to address defendants' argument that the clerk of the court, and/or any other persons in control of the [Deposited Funds] or any interest earned thereon, should pay such interest to defendants, as such persons are not parties to this appeal." *Id.*

¶ 5 Landowners then filed the complaint in the instant action, alleging that the State Employees "and any other persons in control of the [Deposited Funds] and the interest thereon, are defendants named herein," and that these defendants "owe to [Landowners] all interest earned on money deposited in said eminent domain proceedings." Landowners also alleged that State Employees violated their civil rights by unlawfully taking property, namely, the interest on the Deposited Funds, without due process of law. Accordingly, Landowners demanded payment of the interest on the Deposited Funds, interest on the interest, and attorney fees under 42 U.S.C.A. § 1983 (West 2001).

¶ 6 State Employees filed a motion to dismiss Landowners' complaint under rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Utah R. Civ. P. 12(b)(6). The district court entered its detailed judgment on August 6, 2001, concluding that Landowners were not entitled to the relief they sought, and ruled, inter alia, as follows:

3. [Landowners] did not perfect a property right in the UDOT interest funds at issue. Having no property right, there was no unconstitutional taking of plaintiffs' property, and therefore no violation of [Landowners'] constitutional rights.

. . . .

6. The Court's jurisdiction was not properly invoked pursuant to the Utah Governmental Immunity Act.

Landowners now appeal.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 7 Landowners appeal the district court's dismissal of their complaint.[2] " 'Because the propriety of a 12(b)(6) dismissal is a question of law, we give the trial court's ruling no deference and review it under a correctness standard.' " *Hall v. Department of Corr.*, 2001 UT 34,¶ 2, 24 P.3d 958 (quoting *Prows v. State*, 822 P.2d 764, 766 (Utah 1991)). We accept the allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the Landowners. *See id.*

■ ¶ 8 Landowners challenge the district court's ruling that "jurisdiction was not properly invoked pursuant to the Utah Governmental Immunity Act." [3] Whether the district court erred in concluding it did not have jurisdiction presents a question of law, which we review for correctness. *See Wheeler v. McPherson*, 2002 UT 16,¶ 9, 40 P.3d 632.

## ANALYSIS

¶ 9 Landowners argue that the district court erred in concluding they did not properly invoke its jurisdiction. They assert that the notice requirement of the Utah Governmental Immunity Act, Utah Code Ann. §§ 63–30–1 to –38 (1997), does not apply here because the provisions of the Utah Constitution Article I, Section 22, are self-executing. State Employees argue that Landowners were required to give notice to the state

2. Landowners do not challenge determinative rulings on their federal claims; thus, we do not discuss them.

3. Because we find the jurisdictional issue determinative, we do not reach Landowners' argu-

ments regarding interest earned on property values in takings cases, immunity, interpretation of judicial council rules, or involuntary trustee duties.

agency as required by the Governmental Immunity Act. We first analyze the subject matter of Landowners' complaint, then we address governmental immunity.

### A. Condemnation Action

■ ¶ 10 UDOT filed its condemnation action in 1997, and the trial court ordered payment of just compensation on the two parcels of land in April and July 1999, but refused to order payment of the interest accrued on the Deposited Funds. Landowners appealed the court's refusal to award interest on the Deposited Funds. The Utah Supreme Court affirmed the trial court's decision, declining, however, to make any decision directly affecting State Employees because they were not named in the action. Landowners filed a new suit, this time naming State Employees, and claim to be seeking compensation for the State's "taking" of Landowners' property interest in the interest accrued on the Deposited Funds. Further, Landowners argue that governmental immunity was waived under Utah Code Ann. § 63–30–10.5 (1997) because this case is a continuation of eminent domain proceedings, and that this case is thus excepted from the notice requirement of the Governmental Immunity Act. Landowners misconstrue the law.

■ ¶ 11 Landowners have a property right to the interest on the value of their property under Article I, Section 22 of the Utah Constitution. *See* Utah Const. art. I, sec. 22 ("Private property shall not be taken or damaged for public use without just compensation."); Utah Code Ann. § 78–34–9 (1996) (stating that "rights of just compensation for the land so taken [by condemnation] ... shall vest in the parties thereto" when a motion for occupancy is granted). However, Landowners do not have any right to the interest accrued on the funds deposited when a motion to occupy is filed. *See* Utah Code Ann. § 78–34–9. Funds deposited with a motion to occupy are "for the purposes of the

motion only," and the amount deposited is "not admissible in evidence on final hearing" to determine just compensation. *Id.* The just compensation that property owners are entitled to includes

> *interest at the rate of 8% per annum on the amount finally awarded* as the value of the property and damages, from the date of taking actual possession thereof by the plaintiff or order of occupancy, which ever is earlier, to the date of judgment; *but interest shall not be allowed on so much thereof as shall have been paid into court.*

*Id.* (emphasis added). Thus, as the district court concluded, Landowners have no property interest in the interest accrued on the Deposited Funds. Further, this case does not involve a claim under Article I, Section 22 of the Utah Constitution and section 78–34–9 where "immunity from suit of all governmental entities is waived for the recovery of compensation from the governmental entity when the governmental entity has taken or damaged private property for public uses without just compensation," Utah Code Ann. § 63–30–10.5(1), or a claim which is excepted from the notice requirement of the Governmental Immunity Act. Accordingly, this action is a new proceeding, which must comply fully with the Governmental Immunity Act. *See Hall v. Department of Corr.*, 2001 UT 34, ¶¶ 22–23, 24 P.3d 958.

### B. Governmental Immunity

■ ¶ 12 Landowners' new suit must comply with the Governmental Immunity Act to properly invoke the jurisdiction of the court. *See id.* For Landowners to have properly invoke the district court's jurisdiction, prior to filing their complaint they should have filed a notice of claim with the attorney general and the state agency against which Landowners intended to bring the claim.[4] *See* Utah Code Ann. §§ 63–30–11 to –12, –15 (1997). Landowners filed this action on December 14, 2000, and filed a notice of claim on February 7, 2001. Thus,

---

4. Even if Landowners could successfully argue there was an implied contract to pay the interest on the Deposited Funds, the implied contract would not act as a waiver of the notice requirement of the Governmental Immunity Act because

State Employees were acting within the scope of their employment. *See* Utah Code Ann. § 63–30–5 (1997); *Nielson v. Gurley*, 888 P.2d 130, 134 (Utah Ct.App.1994).

they did not comply with the notice requirement.

¶ 13 "We have consistently required strict compliance with the requirements of the Governmental Immunity Act." *Rushton v. Salt Lake County,* 1999 UT 36, ¶ 19, 977 P.2d 1201. Further, "the Governmental Immunity Act's notice of claim requirement is not subject to exception, even if the governmental entity at issue has effective notice of the claim." *Hall,* 2001 UT 34 at ¶ 25, 24 P.3d 958. Failure to strictly comply with the filing requirement "deprives the court of subject matter jurisdiction." *Rushton* at ¶ 18. Thus, as the district court correctly concluded, its "jurisdiction was not properly invoked pursuant to the Utah Governmental Immunity Act." Accordingly, we affirm the district court's dismissal.

## CONCLUSION

¶ 14 We first conclude that Landowners have no property right in the interest on the Deposited Funds. We next conclude that these new proceedings must comply with the Governmental Immunity Act. Landowners did not comply with the notice requirement of the Governmental Immunity Act, accordingly, the district court properly dismissed their complaint for lack of subject matter jurisdiction.

¶ 15 We affirm.

¶ 16 I CONCUR: WILLIAM A. THORNE JR., Judge.

¶ 17 I CONCUR, EXCEPT THAT AS TO SECTION A, I CONCUR ONLY IN THE RESULT: GREGORY K. ORME, Judge.