2003 UT App 312

**DRAPER CITY, Plaintiff and Appellee,**

v.

**Daniel ROPER, Defendant and Appellant.**

No. 20030480–CA.

Court of Appeals of Utah.

Sept. 18, 2003.

Mary C. Corporon, Corporon & Williams PC, Salt Lake City, for Appellant.

L.G. Cutler, Salt Lake City, for Appellee.

Before JACKSON, P.J., and GREENWOOD and THORNE, JJ.

## MEMORANDUM DECISION

### PER CURIAM:

¶ 1 Defendant Daniel Roper appeals from the district court's order denying his motion to withdraw his guilty plea in abeyance, following a hearing de novo, in a case originating in justice court. This case is before the court on its own motion for summary dismissal for lack of jurisdiction. *See* Utah R.App. P. 10(e).

¶ 2 "A defendant convicted and sentenced in justice court is entitled to a hearing de novo in the district court ... if he files a notice of appeal within 30 days of ... an order denying a motion to withdraw a plea." Utah Code Ann. § 78–5–120(3)(d) (2002). "The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78–5–120(7).

¶ 3 Defendant pleaded guilty in justice court, then filed a motion to withdraw his plea. After the justice court denied his motion, Defendant appealed the denial of his motion to the district court, which held a hearing de novo. Defendant did not raise and the district court did not rule on the constitutionality of a statute or ordinance. Therefore, the district court's decision may not be appealed to this court. *See id.*

¶ 4 Defendant contends that section 78–5–120(7) limits this court's review only when a defendant receives a trial de novo, which he did not receive. However, section 78–5–120 limits this court's review of a district court "decision" and makes no distinction between a decision in a trial and a decision in a hearing de novo. *See id.* § 78–5–120(1), (3), (7).

¶ 5 Defendant further contends that dismissal of this appeal will deny him a trial de novo and therefore will deny him his constitutional right to an appeal. " '[T]he right to an "appeal" from a court not of record is satisfied by provision for a trial de novo in a court of record.' " *Dean v. Henriod,* 1999 UT App 50,¶ 9, 975 P.2d 946 (quoting *Monticello City v. Christensen,* 788 P.2d 513, 516 (Utah 1990)). In the present case, Defendant appealed the justice court's denial of his motion to withdraw his plea to the

district court. The district court held a hearing de novo on Defendant's motion to withdraw his plea. Therefore, any right Defendant had to appeal the denial of his motion to withdraw his plea by the justice court, a court not of record, was satisfied by the hearing de novo in the district court, a court of record. *Cf. id.* Moreover, Defendant could have sought a trial de novo by filing a notice of appeal within thirty days of entering his plea. *See* Utah Code Ann. § 78-5-120(1)(b). However, Defendant filed a motion to withdraw his plea in the justice court, then appealed the justice court's denial of his motion to the district court.

¶ 6 Because the district court did not rule on the constitutionality of a statute or ordinance in the hearing de novo, this court lacks jurisdiction to consider Defendant's appeal. "When a matter is outside the court's jurisdiction it retains only the authority to dismiss the [matter]." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct. App.1989).

¶ 7 Accordingly, Defendant's appeal is dismissed.