In The Matter of the ESTATE OF Diane Laura McLAUGHLIN, Deceased.

Eugene L. PERRY, Personal Representative, Appellant,

v.

Kent and Carol McLAUGHLIN, Respondents.

No. 880084–CA.

Court of Appeals of Utah.

May 19, 1988.

Charles M. Bennett (argued), Callister, Duncan & Nebeker, Salt Lake City, for appellant.

Ephraim H. Fankhauser (argued), Salt Lake City, for respondents.

## OPINION

Before GREENWOOD, BILLINGS and DAVIDSON, JJ.

BILLINGS, Judge:

Eugene Perry, as personal representative of the estate of Diane McLaughlin, appeals an order of the district court granting Kent and Carol McLaughlin the right to purchase the furnishings of Diane's estate. Perry argues that the trial court's order was void for lack of subject matter jurisdiction. We affirm.

Diane McLaughlin died on August 2, 1985 in a plane crash. She was survived by her sons, Shaun and Dustin McLaughlin; her father, Eugene L. Perry; her mother, Elnora Perry; and, her former husband and father of Shaun and Dustin, Kent McLaughlin.[1]

The court appointed Commercial Security Bank as the conservator for Shaun and Dustin, and Perry as the personal representative of the estate. Kent McLaughlin was awarded legal custody of the children.

Perry petitioned the court to approve the sale of Diane's home to the Arnauds, noninterested third parties. Kent McLaughlin had acquired a $2,500 equitable lien against the home, as a result of his divorce from Diane. Prior to the hearing on the petition, Kent McLaughlin filed an objection to Perry's petition to sell the family home to the Arnauds.

---

1. Kent McLaughlin, after his divorce from Diane McLaughlin, married Carol McLaughlin, his present wife and co-respondent herein.

The court heard Perry's petition to sell the home and the furnishings to the Arnauds on November 6, 1985. The McLaughlins submitted a competing bid. The court reviewed the two offers and determined that the McLaughlin's offer was of greater economic benefit to the estate, and thus in the best interest of the estate, and ordered the home and furnishings sold to the McLaughlins.

The court entered a written order on December 3, 1985, which required the McLaughlins to purchase the home and furnishings on or before December 1, 1985. Not only did Perry fail to object to the court's disposition of the home, but Perry assisted in drafting the order. The McLaughlins tendered a check for the furnishings prior to December 1, but were unable to close on the home. As the McLaughlins were unable to close on the home, Perry sold the home and furnishings to the Arnauds.

The McLaughlins filed an order to show cause why Perry should not be required to deliver the furnishings to them. Prior to the hearing on the order to show cause, Perry petitioned the court to amend the December 3, 1985 order pursuant to Rule 60(b) of the Utah Rules of Civil Procedure, requiring the McLaughlins to close on both the home and the furnishings, or neither. Perry subsequently amended his 60(b) motion asking the court to further find that the December 3, 1985 order was void because the court had exceeded its jurisdictional authority in allowing the McLaughlins to submit a bid for, and to purchase, the furnishings of the deceased.

In ruling on Perry's amended 60(b) petition, the court found that under the present probate statutory scheme, even in light of the repeal of Utah Code Ann. § 75–3–710(3) (1978) (repealed 1983),[2] it had not exceeded its statutory authority. The court found that under the probate code as a whole, it

had not only the power but the duty to dispose of the property brought before the court by the personal representative in the best interest of the estate. The judge reasoned that the probate court has general jurisdiction over estates, and as such, power to hear petitions filed by personal representatives. The court further found that it had a duty to dispose of the assets brought before it in the best interest of the estate and potential heirs. Because the McLaughlins offered the best price for the home and furnishings, the court found the December 3, 1985 order was proper. The court also ruled that the December 3, 1985 order entitled the McLaughlins to the furnishings even though they did not purchase the home.

Perry subsequently filed a petition under Rule 59(a) of the Utah Rules of Civil Procedure again claiming the order entitling the McLaughlins to the furnishings was void. The court denied the Rule 59(a) petition. Perry appeals from the court's denial of his amended 60(b) motion, arguing the December 3, 1985 order is void for lack of subject matter jurisdiction.

### JURISDICTION

The first issue we address is whether the probate court exceeded its statutory jurisdiction, resulting in a void judgment. Perry in essence complains that only the personal representative's petition was before the court. He thus reasons the court acted in excess of its jurisdiction when, rather than just approving or disapproving the relief sought in the petition, i.e., the sale of the home to the Arnauds, the court ordered the house sold to the McLaughlins. We think Perry's complaint is really that the court fashioned an unlawful remedy.

A court has subject matter jurisdiction if the case is one of the type of cases the court has been empowered to entertain by the constitution or statute

---

**2.** Utah Code Ann. § 75–3–710(3) (1978) (repealed 1983) provided:

The personal representative may petition the court for an order approving any sale or other matter affecting any property of the estate which is made subject to court approval. After notice to all interested persons and the hearing, at which if the transaction is a sale,

any person may appear and bid for the property being sold, the court shall enter such orders as appears to be in the best interest of the estate. If a person interested in the estate bids for such property, he may request that his interest in the estate be offset against the purchase price.

682

from which the court derives its authority. Restatement (Second) of Judgments § 11 (1982). A judgment is not void merely because it is erroneous. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 (1973). *See also V.T.A. Inc. v. Airco Inc.*, 597 F.2d 220, 224 (10th Cir.1979); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir.1972). A judgment incorrectly interpreting a rule of law does not divest the court of jurisdiction over the subject matter of the proceeding. *Brown's Tie & Lumber Co. v. Kirk*, 109 Idaho 589, 710 P.2d 18, 20 (1985); 7 J. Moore, Moore's Federal Practice Para. 60.-25(2) (2nd ed. 1983); Restatement (Second) of Judgments § 11 (1982). *See also Ingvoldstad By Meyer v. Kings Wharf Island Enter., Inc.*, 593 F.Supp. 997, 1003 (D.C. Virgin Islands 1984); *Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.1980). Where the court has jurisdiction over the class of case involved, judgment is not void on the ground that the right involved in the suit did not embrace the relief granted. 7 J. Moore, Moore's Federal Practice Para. 60.-25(2) (2nd ed. 1983). *See also Ingvoldstad*, 593 F.Supp. at 1003; *Kansas City Ry.*, 624 F.2d at 825-26.

These general principles are clarified by referring to classic examples of cases where courts have found they lacked subject matter jurisdiction: parties failing to comply with mandatory administrative agency procedures;[3] a justice of the peace hearing a divorce;[4] or a federal court hearing a common law tort action between parties of the same state.[5]

These examples are contrasted with cases where, although a want of subject matter jurisdiction was claimed, the court's actions were found, at the worst, to be an erroneous application of law. In *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986), the petitioners contended that the trial court lacked subject matter jurisdiction to enter an award for exemplary damages. The Colorado Supreme Court found that the district court was a court of general jurisdiction with the authority to consider questions of law and equity and award remedies as such. The court found that the petitioner had wrongfully characterized his claim as jurisdictional, and that petitioner's failure to raise the issue at trial waived the defense. The court states:

Thus, the real issue as to punitive damages in this case does not involve the trial court's power to award such damages while staying within its jurisdiction, but rather the issue is whether the present action was an equitable one and if so, whether exemplary damages are available as a remedy. This issue, properly framed, does not involve a challenge to the trial court's subject matter jurisdiction.

*Id.* at 513-14.

In *Ingvoldstad*, the petitioner argued that the court lost subject matter jurisdiction by failing to follow the dictates of an arbitration statute. As in our case, it was the petitioner who originally brought the action. The court concluded that once the jurisdiction of the court was invoked, the power of that court to enter a judgment, which was an outgrowth of the original action, was not void for lack of jurisdiction. *Ingvolstad*, 593 F.Supp. at 1002.

With these general principles in mind, we now consider the statutory jurisdiction of the district court sitting in probate in order to evaluate Perry's claim that the court exceeded its jurisdiction in allowing the McLaughlins to purchase the furniture of the deceased. The district courts are courts of general jurisdiction empowered to hear both civil and criminal cases. Utah Code Ann. § 78-3-4 (1987). The district court's probate jurisdiction is defined in Utah Code Ann. § 75-1-302 (1978):

(1) [T]he court has jurisdiction over all subject matter relating to (a) Estates of decedents, ...

(2) The court has full power to make orders, judgments, and decrees and

---

**3.** *See Williams v. Public Serv. Comm'n*, 77 Utah Adv.Rep. 11 (1988); *Utah Dep't of Business Regulation v. Public Serv. Comm'n*, 602 P.2d 696 (Utah 1979).

**4.** Restatement (Second) of Judgments § 11 (1982).

**5.** *Id.*

take all action necessary and proper to administer justice in matters that come before it.

▮ The probate court has the powers granted by statute or reasonably implied from the statutory grant or reasonably necessary to effectuate the powers which are given. *In re Cloward's Estate*, 95 Utah 453, 459–60, 82 P.2d 336, 339 (1938). The personal representative is given specific authority to invoke the court's jurisdiction in section 75–3–704, which provides in relevant part:

> A personal representative ... may invoke the jurisdiction of the court in a proceeding authorized by this code, to resolve questions concerning the estate or its administration.

Utah Code Ann. § 75–3–704 (1978).

▮ Perry petitioned the probate court to approve the sale of the deceased's home and furnishings. The court in reviewing the proposed sale to the Arnauds also considered an alternative offer for the home and furnishings made by the McLaughlins. The court in a hearing requested by Perry determined that the sale of the home to the McLaughlins was in the best interest of the estate because it maximized the proceeds available for beneficiaries and creditors.

Applying these facts to the authority previously discussed, we are persuaded that the court did not act in excess of its jurisdiction in conveying the furnishings to the McLaughlins in its December 3, 1985 order. The court had statutory authority to hear the class of cases, (section 75–1–302), and the personal representative's petition (section 75–3–704). In fact, it was Perry who properly invoked the court's jurisdiction. At best, Perry's claim is that the court erred in the remedy it fashioned when it distributed the property to the McLaughlins. Perry waived any objection to the court's remedy by not only failing to object to the court's disposition of the home, but also in assisting in the drafting of the

order, of which he now complains. *See Paine, Webber, Jackson & Curtis, Inc.*, 718 P.2d at 514; *State v. Parkin*, 742 P.2d 715, 716 (Utah Ct.App.1987).

## ERROR OF LAW

▮ Not only do we find Perry's contention that the court's December 3, 1985 order was void without merit, but we also find the court's conduct legally proper. Perry contends that the Legislature's repeal of section 75–3–710(3) [6] restricted the court to either approve or disapprove the sale of the home and furnishings to the Arnauds. Perry's reading of the court's discretionary authority is too narrow. If the court were restricted by the repeal of section 75–3–710(3) to merely approving or disapproving a proposal brought by a personal representative, a self-interested personal representative could prevent the court, in selling estate property, from maximizing the estate for the benefit of beneficiaries and creditors. This is a result we cannot believe the Legislature intended by the repeal of section 75–3–710(3). Rather, we find that this section is duplicative of the other broader authority granted to the court under the statutes previously discussed. The court's order allowing the property to be purchased by the McLaughlins was either within the court's express authority or was reasonably implied from the express grants of power, or was reasonably necessary to effectuate the powers given. *Cloward's Estate*, 95 Utah at 460, 82 P.2d at 339.[7]

The probate court properly denied Perry's Rule 60(b) motion. The appeal is dismissed and the court's order affirmed.

GREENWOOD and DAVIDSON, JJ., concur.

---

6. See Note 2, *supra*.

7. The court's actions can, in addition, be defended as Kent McLaughlin is an interested person as defined by Utah Code Ann. § 75–1–201(20) (1978), with full power to ask for affirmative relief from the court, as he has a $2,500 equitable lien in the decedent's home. He is also the legal and natural guardian of the children of the deceased, who are beneficiaries of the estate and under Utah Code Ann. § 75–3–105 (1978), he may invoke the jurisdiction of the court.