2007 UT 5

**STATE of Utah, Plaintiff, Respondent, and Cross–Petitioner,**

v.

**Richard F. NORRIS, Defendant, Petitioner, and Cross–Respondent.**

**No. 20040880.**

Supreme Court of Utah.

Jan. 19, 2007.

Mark L. Shurtleff, Att'y Gen., E. Neal Gunnarson, Jeffrey S. Gray, Christine F. Soltis, Asst. Att'ys Gen., Salt Lake City, for plaintiff.

Jennifer K. Gowans, Provo, Salt Lake City, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 The defendant, Richard Norris, challenges the constitutionality of the Communications Fraud statute, Utah Code section 76–10–1801, as overbroad. Specifically, he seeks review of the decision of the court of appeals holding that the statute is constitutional.

¶ 2 The State cross-petitions, seeking reversal of the decision of the court of appeals that an unconditional guilty plea does not waive a defendant's appellate challenge to the facial constitutionality of the statute under which the defendant was charged.[1]

---

1. *State v. Norris*, 2004 UT App 267, 97 P.3d 732.

¶ 3 Because we reverse, holding that an unconditional guilty plea does waive a defendant's right to challenge the constitutionality of a statute, we do not reach the other issues presented.

¶ 4 Review of the specific facts leading to the charges against the defendant are not necessary for the resolution of this matter. The defendant was originally charged with seven counts of communications fraud. The State amended the information, and the defendant was ultimately tried on five counts of communications fraud.

¶ 5 After three days of trial, the defendant elected to change his plea and entered an unconditional guilty plea to three counts of communications fraud. All are third degree felonies.

¶ 6 The defendant made no attempt to withdraw his unconditional guilty plea. He did, however, timely file an appeal. The Utah Court of Appeals upheld the convictions. We granted certiorari to review the correctness of that action.

## STANDARD OF REVIEW

 ¶ 7 On certiorari, we review the decision of the court of appeals and not the decision of the trial court.[2] "The determination of whether a court has subject matter jurisdiction is a question of law, which we review for correctness."[3]

## ANALYSIS

¶ 8 In order to reach the issues of overbreadth and vagueness, the court of appeals initially addressed the question of whether it had subject matter jurisdiction to review the conviction on appeal once the defendant had entered an unconditional guilty plea. The court of appeals[4] found that a facial challenge to the constitutionality of a statute is jurisdictional in nature and that, therefore, an unconditional guilty plea could not act as a waiver or bar to raising this claim for the first time on appeal. We disagree.

 ¶ 9 An unconditional guilty plea waives any right the defendant may have had to challenge the basis of his conviction on its merits. The defendant's effort to describe the constitutional challenge he raises as a challenge to the subject matter jurisdiction of the district court is simply without merit as a tool for appealing the conviction after the plea has been entered and the sentence imposed. The court of appeals lacked jurisdiction to entertain the appeal. The opinion of the court of appeals is vacated, and the judgment of the district court is affirmed.

¶ 10 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.

---

2. *State v. Harmon,* 910 P.2d 1196, 1199 (Utah 1995).

3. *Beaver County v. Qwest, Inc.,* 2001 UT 81, ¶ 8, 31 P.3d 1147.

4. Each of the court of appeals judges who sat on the panel wrote his own separate opinion. The majority felt that a challenge to the constitutionality of a statute could not be waived. The remaining judge felt that this could be waived and that subject matter jurisdiction was therefore lacking.