FILED
United States Court of Appeals
Tenth Circuit

June 7, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

RICHARD NORRIS,

 Petitioner-Appellant,

v.

FOURTH DISTRICT COURT, Provo,
Utah; ATTORNEY GENERAL OF
THE STATE OF UTAH,

 Respondents-Appellees.

No. 10-4030

(D.C. No. 2:08-CV-00044-DN)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

 Utah state inmate Richard Norris, appearing *pro se* and seeking to proceed *in forma pauperis*, requests a certificate of appealability ("COA") in order to challenge the district court's denial of his petition for a writ of habeas corpus which sought relief pursuant to 28 U.S.C. § 2254. For the following reasons, we GRANT Norris leave to proceed *in forma pauperis*, DENY his request for a COA, and DISMISS this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I

In 2002, Norris entered an unconditional guilty plea to three counts of third degree felony communications fraud in violation of Utah Code Ann. § 76-10-1801(1)(c).[1] Despite the unconditional nature of his plea, Norris appealed his convictions to the Utah Court of Appeals ("UCA"), arguing that § 76-10-1801, as it then read,[2] was both unconstitutionally overbroad and unconstitutionally vague

---

[1] As part of the sentence imposed upon Norris for these convictions, he remains on probation, supervised by the state trial court, until such time as he is able to make full payment of the restitution ordered by that court.

[2] At the time Norris was charged, § 76-10-1801 read, in relevant part, as follows:

> (1) Any person who has devised any scheme or artifice to defraud another or obtain from another money, property, or anything of value by means of false or fraudulent pretenses, representations, promises, or material omissions, and who communicates directly or indirectly with any person by any means for the purpose of executing or concealing the scheme or artifice is guilty of:
> ***
> (c) a third degree felony when the value of the property, money, or thing obtained or sought to be obtained is or exceeds $1,000 but is less than $5,000;
> ***
> (e) a second degree felony when the object of the scheme or artifice to defraud is other than the obtaining of something of monetary value[.]

In 2007, the Utah Supreme Court declared that § 76-10-1801(1)(e), as it then read, was "impermissibly vague in all its applications," and therefore unconstitutional. See State v. Mattinson, 152 P.3d 300, 303-05 (Utah 2007). Subsection (1)(e) was subsequently amended in 2009. See 2009 Laws of Utah, c. 211, § 2. The monetary values which determine the classification of a violation of § 76-10-1801 (class A or B misdemeanor or felony) were also amended in 2010. See 2010 Laws of Utah, c. 193 (S.B. 10).

-2-

in its use of the terms "artifice," communicate," and "anything of value."

In addressing Norris' claims, the UCA first noted its view that Norris' "unconditional guilty plea d[id] not operate as a waiver of a facial constitutional challenge to [§ 76-10-1801], because such a challenge is jurisdictional in nature." State v. Norris, 97 P.3d 732, 737 (Utah Ct. App. 2004) ("Norris I"). The UCA went on to affirm Norris' convictions, rejecting the merits of each of his constitutional challenges. On certiorari, the Utah Supreme Court reversed the UCA, but nonetheless affirmed Norris' convictions, holding that "an unconditional guilty plea does waive a defendant's right to challenge the constitutionality of a statute . . . ." State v. Norris, 152 P.3d 305, 306 (Utah 2007) ("Norris II").

Norris subsequently filed a petition for a writ of habeas corpus in federal district court, seeking relief pursuant to 28 U.S.C. § 2254. Therein, Norris once again alleged that § 76-10-1801 is unconstitutionally overbroad and vague on its face. Norris also claimed that the information by which he was charged "did not provide sufficient notice as to the alleged conduct that violated the statute . . . thus inhibiting [his] ability to prepare his defense." See ROA, Vol. 1, at 50. The district court denied Norris' petition based upon its determination that the claims raised therein are procedurally defaulted given the Utah Supreme Court's affirmance of Norris' convictions. Norris now seeks to appeal the district court's ruling.

## II

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a COA is a jurisdictional prerequisite to our review of the denial of a § 2254 petition. See 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

As previously noted, the district court concluded that the claims Norris raised in his § 2254 petition are procedurally defaulted. To be procedurally defaulted at the federal habeas level, a claim must have been denied on "adequate and independent" state procedural grounds by the last state court to issue a reasoned opinion which addressed the claim. See Fairchild v. Workman, 579 F.3d 1134, 1141 (10th Cir. 2009) (quotation and citation omitted). State procedural grounds are considered "independent" if they rely on state, rather than federal law and are considered "adequate" "if they are strictly or regularly followed and applied evenhandedly to all similar claims." Id. (quotations and citation omitted).

In concluding that Norris' claims are procedurally defaulted, the district

-4-

court noted its belief that "the Utah Supreme Court dismissed [Norris'] appeal based on the *well-established and regularly followed* procedural rule barring review of convictions obtained through a knowing, voluntary and unconditional guilty plea." Dist. Ct. Order at 2 (emphasis added). Construing Norris' application for a COA liberally, see Clark, 468 F.3d at 713 n.1 ("Pro se pleadings are liberally construed."), he contends, *inter alia*, that jurists of reason would debate the district court's description of the Utah procedural rule in question. More specifically, Norris argues that at the time of his appeal, the procedural grounds in question were neither "well-established" nor "regularly followed" and accordingly, that they were insufficiently "adequate" or "independent" to procedurally default his putative claims.

As an initial matter, we disagree with Norris' suggestion that jurists of reason would debate the district court's conclusion that he has procedurally defaulted his claim that the information by which he was charged was insufficiently detailed. Because this claim is obviously non-jurisdictional in nature, see State v. Canfield, 917 P.2d 561, 562 (Utah 1996) (per curiam); cf. United States v. Cotton, 535 U.S. 625, 631 (2002) ("Th[e] Court some time ago departed from [the] view that indictment defects are 'jurisdictional.'"), it is clear that the procedural grounds relied on by the Utah Supreme Court in dismissing this claim were both adequate and independent of federal law, see State v. Brocksmith, 888 P.2d 703, 706 (Utah Ct. App. 1994) ("[A] voluntary plea of

-5-

guilty constitutes a waiver of the right to appeal all nonjurisdictional issues." (quotation, citation, and alteration omitted)).

Likewise, we disagree with Norris' contention that jurists of reason would debate the district court's conclusion that the procedural grounds relied upon by the Utah Supreme Court in dismissing Norris' putative overbreadth and vagueness challenges to § 76-10-1801 are independent of federal law. In Norris I, the UCA based its view that "following a guilty plea, a defendant c[an] raise on appeal that he was prosecuted under an unconstitutional statute," see Norris I, 97 P.3d at 736 (quoting United States v. Skinner, 25 F.3d 1314, 1317 (6th Cir. 1994), and collecting numerous federal cases in support of this proposition), upon its interpretation of federal law, not state law. And, in reversing that decision, the Utah Supreme Court did not correct the UCA on its interpretation of federal law. Rather, the Utah Supreme Court simply noted that in Utah, "an unconditional guilty plea does waive a defendant's right to challenge the constitutionality of a statute . . . ." Norris II, 152 P.2d at 306. Thus, it is apparent that the procedural grounds relied upon by the Utah Supreme Court in dismissing Norris' putative overbreadth and vagueness challenges to § 76-10-1801 are a construct of state, rather than federal law.

Norris' contention that jurists of reason would debate the adequacy of the procedural grounds upon which the Utah Supreme Court relied in dismissing his putative overbreadth and vagueness challenges to § 76-10-1801 does, however,

have some traction. As noted previously, state procedural grounds are considered adequate only if they have been "strictly or regularly followed" and applied "evenhandedly to all similar claims." See Fairchild, 579 F.3d at 1141 (quotations and citation omitted). And, it is the State which bears the burden of establishing the adequacy of the procedural bar because "it is undoubtedly in a better position to establish the regularity, consistency and efficiency with which it has applied its own rules in the past." Id. (quotation, citation and alteration omitted).

In their briefing to the district court, the respondents cited only a single UCA decision which spoke directly to the adequacy of the procedural grounds in question. See Resp. to Petition, Aplt. App. at 109 ("Even challenges to the constitutionality of a statute are barred unless specifically reserved through a conditional guilty plea." (citing State v. Hardy, 54 P.3d 645, 648 (Utah Ct. App. 2002)))[3] The district court, in turn, cited no Utah decisions in which the procedural grounds in question had been applied, save Norris II. See ROA, Vol. 1, at 217. Due to the paucity of authority cited by the respondents and relied upon by the district court, jurists of reason would debate the district court's conclusion that the Utah procedural grounds in question are sufficiently

---

[3] Interestingly, one of the members of the UCA panel who addressed Norris' appeal noted his belief that at the time "[n]o Utah appellate court ha[d] squarely answered the question of whether a challenge to a criminal statute based on facial unconstitutionality goes to subject matter jurisdiction." Norris I, 97 P.3d at 742 (Orme, J., concurring).

-7-

"adequate" such that Norris' putative overbreadth and vagueness claims are procedurally defaulted. See, e.g., Del Vecchio v. Ill. Dep't of Corrs., 31 F.3d 1363, 1381 (7th Cir. 1994) ("Given the apparent flux in Illinois law, coupled with the novelty of the Illinois Supreme Court's decision, we cannot say that the state applied a 'firmly established and regularly followed' rule in Del Vecchio's case. Therefore, we will not apply a procedural bar to avoid review of the Illinois Supreme Court's decision."); Hunter v. Duckworth, 741 F. Supp. 1338, 1341 (N.D. Ind. 1989) ("The court concludes that the procedural bar relied upon by the Supreme Court of Indiana in this case has not been consistently or regularly applied. It appears, instead, that the state court has created a new procedural default rule. Consequently, under federal habeas law, the procedural bar is not an adequate and independent state ground for affirming the petitioner's conviction. (internal citation omitted)) rev'd on other grounds Hunter v. Clark, 906 F.2d 302 (7th Cir. 1990) rev'd Hunter v. Clark, 934 F.2d 856 (7th Cir. 1991) (en banc).

As the Supreme Court has noted, however, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack, 529 U.S. at 484-85. Accordingly, Norris must go beyond demonstrating that jurists of reason would debate the district court's determination that his vagueness and overbreadth claims are procedurally defaulted. Indeed, he must also demonstrate "that jurists

-8-

of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right . . . ." Id. at 484.

In determining whether Norris has made such a showing, we are mindful that this is only a "threshold inquiry" and that we "should not decline the application for a COA merely because [we] believe[] the applicant will not demonstrate an entitlement to relief." See Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). As the Supreme Court has noted "[i]t is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." Id.

However, despite these admonitions, it is clear that Norris' overbreadth and vagueness claims do not "deserve encouragement to proceed further." See Slack, 529 U.S. at 484 (quotation and citation omitted). To begin, in a parallel appeal raised by Norris,[4] the Utah Supreme Court correctly held that any overbreadth challenge to § 76-10-1801 must fail because in light of the *mens rea* required to violate the statute, see § 76-10-1801(7) ("A person may not be convicted under this section unless the pretenses, representations, promises, or material omissions made or omitted were made or omitted intentionally, knowingly, or with a reckless disregard for the truth."), § 76-10-1801 necessarily stops short of

---

[4] In the parallel case, where additional charges were brought, Norris entered a conditional guilty plea to two counts of attempted misdemeanor communications fraud. It does not appear that Norris sought habeas corpus relief in that case.

criminalizing communications which are afforded protection under the First

Amendment, see State v. Norris, 152 P.3d 293, 297 (Utah 2007) ("Norris III"); cf.

United States v. Calimlim, 538 F.3d 706, 712 (7th Cir. 2008) ("To the extent that

[18 U.S.C.] § 1589 raises First Amendment concerns, the *scienter* requirement

limits the prohibited speech to unprotected speech." (emphasis in original));

United States v. Gagliardi, 506 F.3d 140, 148 (2d Cir. 2007) ("[S]peech is not

protected by the First Amendment when it is the very vehicle of the crime itself."

(quotation and citation omitted)).  Further, despite the fact that the Utah Supreme

Court subsequently held that § 76-10-1801(1)(e), as it read at the time of Norris'

convictions, was unconstitutionally vague, see Mattinson, 152 P.3d at 303-05, as

the UCA noted, "because [Norris] was charged with devising a scheme to defraud

others of 'money,' his actions do not fall within the 'anything of value' realm,

and thus, he may not challenge this [subsection] as unconstitutionally vague,"[5] see

Norris I, 97 P.3d at 740 (internal citation omitted); cf. Savina Home Indus., Inc.

v. Sec'y of Labor, 594 F.2d 1358, 1367 (10th Cir. 1979) (because plaintiff had

not been charged with violating a certain clause of the Occupational and Health

---

[5] The UCA also noted that Norris is precluded from raising a vagueness challenge because the term "money" is "sufficiently understood to allow ordinary citizens to determine what conduct is prohibited."  See Norris I, 97 P.3d at 740; see also Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n.7 (1982), reh'g denied 456 U.S. 950 (1982) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." (quotation and citation omitted)).

Safety Act of 1970, it lacked standing to claim that the clause imposed an unconstitutionally vague standard of conduct on employers).  And finally, again as the UCA correctly noted, Norris' contention that § 76-10-1801 is unconstitutionally vague in its use of the terms "artifice" and "communicate," is simply without merit.  See Norris I, 97 P.3d at 739-40.

## III

Norris' request for leave to proceed *in forma pauperis* is GRANTED.  His request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

-11-