2011 UT App 218

**STATE of Utah, in the interest of C.B., a person under eighteen years of age.**

**D.B., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110395–CA.**

Court of Appeals of Utah.

July 8, 2011.

Jennifer A. Brown, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 Appellant D.B. (Stepmother) appeals an adjudication and dispositional order, claiming that the juvenile court denied her due process because she was not provided with adequate notice that she would be a subject of the child welfare proceeding. The Guardian Ad Litem (GAL) argues that the juvenile court lacked subject matter jurisdiction to determine issues pertaining to Stepmother.

¶ 2 When the State filed the Verified Petition, Father was C.B.'s custodial parent and C.B. lived with Father and Stepmother. The petition contained factual allegations regarding domestic violence between Father and Stepmother. The petition also stated that an investigation by the Division of Child and Family Services (DCFS) had resulted in the entry of supported findings of domestic violence-related child abuse against Father. The petition alleged that the court had jurisdiction over the child and subject matter jurisdiction pursuant to Utah Code section 78A–6–103(1)(c). *See* Utah Code Ann. § 78A–6–103(1)(c) (Supp.2010) (providing that the juvenile court has "exclusive original jurisdiction" in proceedings concerning "a child who is an abused child, neglected child, or dependent child"). The State caused a separate summons to be served upon C.B.'s biological mother, Father, and Stepmother. Each summons required the person to whom it was addressed to appear and to answer the allegations. Father and Stepmother appeared and denied the allegations.

¶ 3 The Findings, Conclusions and Dispositional Order includes findings regarding physical and verbal arguments between Father and Stepmother based upon the testimony at trial, as well as the findings of fact relating solely to Stepmother's conduct toward C.B. The juvenile court also found the DCFS had "entered supported findings of domestic violence-related child abuse against" Father and Stepmother. The juvenile court concluded that C.B. was abused

> in that she has been subjected to nonaccidental emotional harm by the father and step-mother due to the domestic violence that has occurred in the child's presence and due to the constant arguing, screaming and yelling which has occurred in the home and, at times, is directed toward the child.

The juvenile court also concluded that C.B. was neglected because she lacked proper parental care "by reason of the fault or habits of the father and step-mother." The court adopted a treatment plan, which required both Father and Stepmother to complete services including parenting and domestic violence courses and mental health assessments.

¶ 4 Utah Code section 78A–6–103(1)(c) gives the juvenile court subject matter jurisdiction over proceedings concerning a child who is alleged to be an abused child, neglected child, or dependent child. *See id.* The Utah Supreme Court discussed the juvenile court's subject matter jurisdiction in *In re K.F.*, 2009 UT 4, 201 P.3d 985, stating,

> Utah Code section 78A–6–103(1)(c) provides that the juvenile court has exclusive jurisdiction in proceedings concerning a minor who has been abused, neglected, or is dependent. Before such proceedings may commence, the State must file a petition with the juvenile court that not only alleges that the minor has been abused, neglected, or is dependent, but also supports that allegation with "a concise statement of facts, separately stated." In cases of abuse, neglect, or dependency, the juvenile court need not make findings of fact to establish its jurisdiction.

*Id.* ¶ 22 (citation omitted). The supreme court concluded in *In re K.F.* that the State had filed a petition alleging the requisite facts to support a determination that the child was abused, neglected or dependent, that the mother had stipulated to those facts, and that she had placed her child in state custody. This established "a sufficient basis for subject matter jurisdiction." *Id.* ¶ 23. Similarly, in *Johnson v. Johnson*, 2010 UT 28, 234 P.3d 1100, the Utah Supreme Court stated that "the concept of subject matter jurisdiction relates to the relationship between the claim and the forum that allows for the exercise of jurisdiction." *Id.* ¶ 9 (internal quotation marks and citation omitted). Thus, because the district court in *Johnson* "clearly ha[d] the authority to adjudicate divorces," the supreme court stated that "looking to the specific facts of a particular case [was] inconsistent with our usual definition of subject matter jurisdiction." *Id.* ¶ 12.

¶ 5 In this case, the State filed a petition containing the requisite factual allegations to support a claim that C.B. was an abused and neglected child. Both Father and Stepmother appeared in response to a summons and entered denials of the allegations at the initial pretrial hearing. The parties stipulated that the adjudication hearing could be held

outside the statutory time frames because C.B. was placed in the custody of her mother by the juvenile court and was removed from the custody of Father and Stepmother. Under these circumstances, there was a sufficient basis to support the subject matter jurisdiction of the juvenile court over the child welfare proceedings.

¶ 6 The GAL argues that the juvenile court lacked subject matter jurisdiction to adjudicate the child's status vis-a-vis Stepmother because she is not C.B.'s natural parent. *See* Utah Code Ann. § 78A–6–307(1)(a)(i) (2008) (defining natural parent as a biological or adoptive mother, an adoptive father, or a biological father who was either married to the biological mother at the time of conception or who has established the right to consent to adoption of the child as provided by statute). A stepparent is included in the statutory definition of "relative," *see id.* § 78A–6–307(1)(b)(i). The GAL argues that although the juvenile court may make findings against a third party, those findings must be limited to whether the parent failed to protect the child from the third party. According to the GAL, the juvenile court could not make direct dispositional orders against Stepmother or include her in a service plan unless the juvenile court made her a party to the proceedings. Despite the GAL's characterization of its argument as a challenge to the juvenile court's subject matter jurisdiction, it actually raises the issue whether the juvenile court had personal jurisdiction over Stepmother.

¶ 7 Utah statutes require that a child welfare petition and notice of the adjudication hearing must be served on both natural parents and any guardian of the child, as well as on the GAL and the child's foster parents. *See* Utah Code Ann. § 78A–6–310(1) (2008). A relative providing care for a child also is entitled to notice and to be present at hearings. *See id.* § 78A–6–317(1) (Supp. 2010). Utah Code section 78A–6–109(4) further states that a "summons shall require the person or persons who have physical custody of the minor to appear personally and bring the minor before the court at a time and place stated." *Id.* § 78A–6–109(4); *see also* Utah R. Juv. P. 18(a)(3) (*"The summons shall be directed* to the person or persons who have physical care, control or custody of the minor and require them to appear and bring the minor before the court.") (italics in original). Rule 18(e) of the Utah Rules of Juvenile Procedure is also pertinent to determining whether the juvenile court had personal jurisdiction over Stepmother. That rule reads:

> Whenever it appears to the court that a person who is not the parent, guardian or custodian should be made subject to the jurisdiction and authority of the court in a minor's case, upon motion of any party or the court's own motion, the court may issue a summons ordering such person to appear. Upon the appearance of such person, the court may enter an order making such person a party to the proceeding and may order such person to comply with reasonable conditions as part of the disposition of the minor's case. Upon the request of such person, the court shall conduct a hearing upon the issue of whether such person should be made a party.

¶ 8 Stepmother was served with a summons and the State's petition. She appeared, participated in the proceedings, and was represented by counsel retained by Father and Stepmother. Stepmother does not claim before this court that the juvenile court lacked personal jurisdiction over her.[1] The issue asserted by Stepmother on appeal is that she was denied due process because she was not given adequate notice that the juvenile court would enter an "adjudication against her." In response, the State claims that Stepmother has not demonstrated that she adequately preserved that issue for appeal. Stepmother claims that her counsel objected "at the very beginning of the adjudi-

---

1. Indeed, unlike subject matter jurisdiction, defects in the tribunal's personal jurisdiction over a person can be waived. *See, e.g., Phone Directories Co., Inc. v. Henderson,* 2000 UT 64, ¶ 15, 8 P.3d 256 ("[P]eople are free to waive the requirement that a court must have personal jurisdiction over them before that court can adjudicate a case involving them."). Furthermore, the GAL has not explained why it has standing to challenge the juvenile court's personal jurisdiction over Stepmother.

cation hearing that any evidence offered against [Stepmother] would be a violation of her due process rights based upon defective notice because she was not provided with notice that the State would seek to have findings entered against her, rather than father." "[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (alterations in original) (internal quotation marks omitted). This requires that the issue be raised in a timely fashion, must be specifically raised, and must be supported by evidence or relevant legal authority. *See id.; see also Boyle v. Christensen*, 2011 UT 20, ¶ 14, 251 P.3d 810. In the absence of a transcript, we cannot confirm that Stepmother preserved the issue for appeal by making a specific, timely objection to any evidence that she believed exceeded the scope of the allegations in the State's petition. Accordingly, we do not consider Stepmother's due process claim. Finally, Stepmother does not specifically challenge the dispositional order requiring her to participate in the service plan with Father.[2]

¶ 9 Accordingly, we affirm.

---

**2.** It appears that the factual finding that DCFS substantiated a finding of domestic violence related child abuse against both Father and Stepmother may be incorrect because the petition itself alleged that the substantiated finding was as to Father only. Following the issuance of our remittitur, the juvenile court may correct any clerical error that might have occurred in stating the substance of the substantiated finding of child abuse involving C.B. based upon its review of the record.