IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| In the Matter of the Estate of Eleanor Amelia Newberry Strand, | ) ) ) | MEMORANDUM DECISION |
| Deceased. | ) ) | Case No. 20110215-CA |
| _____ | ) ) | |
| Nupetco Associates, LLC, | ) ) | F I L E D (May 17, 2012) |
| Appellant, | ) ) | 2012 UT App 144 |
| v. | ) ) | |
| Diane Dimeo, a personal representative of the Estate, | ) ) ) | |
| Appellee. | ) ) | |

-----

Second District, Layton Department, 063600007
The Honorable Thomas L. Kay

Attorneys:    Charles M. Bennett, Salt Lake City, for Appellant
              George A. Hunt and Richard C. Dibblee, Salt Lake City, for Appellee

-----

Before Judges Davis, Thorne, and Christiansen.

CHRISTIANSEN, Judge:

¶1      Nupetco Associates, LLC (Nupetco) appeals the probate court's denial of its petition to vacate the order appointing Diane Dimeo as the personal representative of the Estate of Eleanor Amelia Newberry Strand (the Order).  We affirm.

## I. This Court Has Jurisdiction.

¶2    Nupetco initially asserts that this court has jurisdiction to hear its appeal despite the fact that the probate court refused to certify the Order as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure. We agree that the unique circumstances of this case, together with Utah's "pragmatic, case-by-case approach to finality in probate matters," resulted in finality for the purposes of this appeal. *See In re Estate of Morrison*, 933 P.2d 1015, 1016-17 (Utah Ct. App. 1997); *see also In re Estate of Voorhees*, 12 Utah 2d 361, 366 P.2d 977, 980 (1961) (determining that an order deciding "the real issue between the parties" was final and appealable despite the probate court's continuing "jurisdiction . . . to adjudicate further matters").

¶3    Similar to the Utah Supreme Court's determination in *In re Tasanen's Estate*, 25 Utah 396, 71 P. 984 (1903), the Order was final because "[t]here was nothing further to be done in the matter" as it relates to Nupetco. *See id.* at 986; *In re Estate of Morrison*, 933 P.2d at 1017 (recognizing the exception set forth in *In re Tasanen's Estate*). Thus, this court has jurisdiction to review the Order.[1]

## II. The Probate Court Had Authority to Appoint a Personal Representative.

¶4    In an attempt to provide certainty to property rights, the Utah Legislature has included in the Utah Probate Code, *see generally* Utah Code Ann. §§ 75-1-101 to -8-101 (1993), provisions limiting certain proceedings where neither an heir nor a creditor has requested the administration of the estate within three years of the decedent's death, *see id.* § 75-3-107. This case demonstrates some of the problems associated with substantially delaying the determination of heirs and property owned by the decedent at the time of the decedent's death and the distribution of that property. That being said, the parties do not dispute that there are four heirs, that the decedent owned some interest in two parcels of property at the time of her death, and that the probate code clearly allowed the probate court to enter an order identifying the heirs and the property owned by the decedent at the time of her death,[2] *see id.* § 75-3-107(3). The

---

1. In her brief, Dimeo does not challenge the finality of the Order but asserts that Nupetco improperly requested a rule 54(b) certification. Because we determine that the Order was final, we need not reach this issue.

2. Nupetco attempts to challenge the subject matter jurisdiction of the probate court but agrees that the probate code allows the probate court to determine the heirs and

(continued...)

parties' dispute arises from their disagreement over the probate court's powers to effectuate the distribution of property pursuant to section 75-3-107(3). Specifically, Nupetco argues that the probate code did not authorize the probate court to appoint a personal representative in the context of administrating an intestate estate. We disagree.

¶5      Section 75-3-107 unambiguously addresses this issue. Although subsection (1) provides, with exceptions that are irrelevant here, that "formal testacy[3] or appointment proceedings . . . may [not] be commenced more than three years after the decedent's death," *id.* § 75-3-107(1), subsection (2) states that "[t]he limitations provided in Subsection (1) do not apply to proceedings to . . . determine heirs of an intestate," *id.* § 75-3-107(2). Subsection (3) further addresses the determination of heirs by stating,

---

2. (...continued)
property in this case. The probate court clearly had subject matter jurisdiction over the action. *See* Utah Code Ann. § 75-1-302(1)(a), (2) (1993) ("To the full extent permitted by the Constitution of Utah, the [probate] court has jurisdiction over all subject matter relating to: . . . estates of decedents including . . . determination of heirs and successors of decedents and estates of protected persons. . . . The [probate] court has full power to make orders, judgments, and decrees and take all other action necessary and proper to administer justice in the matters which come before it."); *id.* § 75-3-107(3); *In re Estate of McLaughlin*, 754 P.2d 679, 681-82 (Utah Ct. App. 1988) ("A court has subject matter jurisdiction if the case is one of the type of cases the court has been empowered to entertain by the constitution or statute from which the court derives its authority."); *id.* at 683 ("The probate court has the powers granted by statute or reasonably implied from the statutory grant or reasonably necessary to effectuate the powers which are given."). We focus only on whether the probate court had the authority to appoint Dimeo as personal representative. *See generally Johnson v. Johnson*, 2010 UT 28, ¶ 9, 234 P.3d 1100 ("The concept of subject matter jurisdiction does not embrace all cases where the court's competence is at issue. 'Where the court has jurisdiction over the class of case involved, judgment is not void on the ground that the right involved in the suit did not embrace the relief granted.' Rather, the concept of subject matter jurisdiction relates to 'the relationship between the claim and the forum that allows for the exercise of jurisdiction.'" (citations omitted)), *cert. denied*, 131 S. Ct. 656 (2010).

3. "A formal testacy proceeding is litigation to determine whether a decedent left a valid will." Utah Code Ann. § 75-3-401(1) (1993).

If no will is probated within three years from death, the presumption of intestacy is final and the court shall enter an order to that effect and *provide for the distribution* of the decedent's property in accordance with the laws of intestacy under Title 75, Chapter 2, Part 1.[4] The [probate] court has continuing jurisdiction to handle *all matters necessary to distribute the decedent's property*, including jurisdiction to determine what property was owned by the decedent at the time of death.

*Id.* § 75-3-107(3) (emphases added). Thus, while the probate code does not allow the probate court to make determinations or administrations of wills not probated within three years of a decedent's death, the probate code clearly allows the probate court "to determine what property was owned by the decedent at the time of death" and "to handle all matters necessary to distribute the decedent's property." *See id.*

¶6    When, as here, the probate court is unable or does not have sufficient information to effectuate the distribution of property, it seems only logical that the court would appoint a personal representative[5] for the very purpose of taking those actions necessary "to settle and distribute the estate of the decedent in accordance with the terms of . . . th[e probate] code." *See id.* § 75-3-703(1). A probate judge is not expected to personally visit the decedent's property and inventory what the decedent owned at the time of death to determine and resolve issues related to the property. Instead, the probate court can appropriately rely on a personal representative to do the leg work necessary to allow the court to determine what property was owned by the decedent and then distribute that property as a matter of law.

¶7    In this case, the parties do not dispute that the decedent owned some interest in real property at the time of her death. Accordingly, to comply with the requirements of the probate code and adjudicate Dimeo's petition, the probate court was required to

---

4. Title 75, Chapter 2, Part 1 specifically addresses who is entitled to receive a decedent's assets that are not disposed of by will, i.e., intestate succession. *See generally* Utah Code Ann. §§ 75-2-101 to -114 (1993).

5. Utah Code section 75-1-201(36)(a) broadly defines a "personal representative" to "include[ an] executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same functions under the law governing their status." Utah Code Ann. § 75-1-201(36)(a) (Supp. 2011).

determine the value of the decedent's property and distribute that property to the undisputed heirs. *See id.* § 75-3-107(2)-(3). To determine each heir's distribution, the probate court, with the help of a personal representative, needed to establish the status of the property, including a resolution of any secured encumbrances held against the property. *See generally id.* § 75-3-104 (listing limitations on creditors, but stating that those limitations "ha[ve] no application to a proceeding by a secured creditor of the decedent to enforce his right to his security"). Thus, the probate court had the authority to appoint a personal representative to aid in the determination and subsequent distribution of the property.

¶8     Although we understand Nupetco's approach in challenging the appointment of the personal representative and attempting to invalidate all of her actions, what Nupetco really seems to take issue with is the personal representative's authority to file a quiet title action that could ultimately eliminate any interest that Nupetco has in the property that was owned by the decedent. We do not review whether the probate court's actions involved in authorizing such an action were proper because Nupetco has not challenged them on appeal.

¶9     Thus, we affirm the probate court's denial of Nupetco's petition to vacate the order appointing Dimeo as the personal representative.

_____
Michele M. Christiansen, Judge

-----

¶10    WE CONCUR:

_____
James Z. Davis, Judge

_____
William A. Thorne Jr., Judge

20110215-CA                          5